UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>    v.<br><br>ERIC ANTHONY LOPEZ,<br><br>                              Defendant. | Case No. 10cr5155 BTM<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS INDICTMENT FOR VIOLATION OF STATUTE OF LIMITATIONS AND DENYING MOTION TO DISMISS COUNT ONE FOR FAILURE TO ALLEGE OFFENSE** |

    Defendant Eric Anthony Lopez has filed a motion to dismiss the Indictment for violation of the five-year statute of limitations as well as a motion to dismiss Count One (18 U.S.C. § 876(c)) for failure to allege all of the elements of the offense. For the reasons discussed below, Defendant's motion to dismiss the Indictment for violation of the statute of limitations is **DENIED** as to Count One and **GRANTED** as to Count Two (18 U.S.C. § 1038(a)(1)) . Defendant's motion to dismiss Count One for failure to allege all elements of the offense is **DENIED**.

**I. BACKGROUND**

    Defendant is accused of mailing a threatening letter to the Hon. Irma Gonzalez, the Chief United States District Judge for the Southern District of California. The letter, which was dated December 23, 2005, was sent via U.S. mail and postmarked on December 27,

2005. The letter was addressed to Judge Gonzalez.

On December 29, 2005, Judge Gonzalez's administrative law clerk opened the letter. The letter read:

> Ms. Gonzales
>
> Well Madam I'm writing you once again in a very interesting manner this time around! Seems this disrespectful arrogance is a common practice among you judges, funny how ones little power trip will bring death to there being!! For the record I politely wrote and explained my dire need of professional advice on 12-16-05 and you neither have the respect to respond in any shape or form!!!
>
> Now I must get your attention and correct your selfcentered ways. Trust in every word in this letter A promise I make to you and it is that you are in grave mortal danger Your well being is in my control and due to the inadequate security messures I will carry out this promise this great act upon you a federal Judge! Neither the US Marshal Service nor any agency be able to protect you from my primary goals to eliminate and make an example of you!
>
> Let me introduce you to your grim reaper. "Old" Bacillis Anthracis. AKA "Anthrax" A brief lesson on your final sentence; biological and chemical weapons, to make a weapon you need a "pathogen and "munition" and a "method of dispersal" I can and will carry the lesson out Have I? Will I? Could I? Shall I give you a taste? Have I in this envelope? Is it among you yet or soon Can you escape me? No!! is this a THREAT? No When? How? Is up to me!! Do you deserve this ask yourself?!? I will and have broken your security barrier I am upon you I will carry out my primary mission the federal judiciary is at risk Ask yourself is arrogance and disrespect worth it to late Happy breathing in is this powder our old friend??

The letter was signed "Eric Anthony Lopez," and the envelope listed the return address as: Eric Anthony Lopez, BK # 0010342174, West Valley Detention Center, Rancho Cucamonga, CA 91739.

Judge Gonzalez's chambers were evacuated by the U.S. Marshals for half a day. The letter did not contain any powder or anthrax. The FBI laboratory found one fingerprint of Lopez on the letter. Also, DNA extracted from the envelope flap matched Lopez's DNA sample maintained in CODIS.

On December 28, 2010, a grand jury in the Southern District of California returned a two-count indictment charging Defendant with (1) causing to be delivered to a federal judge a threatening communication in violation of 18 U.S.C. § 876(c) and (2) intentionally conveying false and misleading information where such information may reasonably have been believed and indicated that the use and dispersal of a biological weapon had already,

was taking, and would take place, in violation of 18 U.S.C. § 1038(a)(1).

## II.  DISCUSSION

For some unexplained reason, the Government did not seek an indictment for five years.  The question before the Court is whether the Indictment was returned with one day to spare or was returned one day too late.  As discussed below, the Court finds that although Count One does not appear to be barred by the statute of limitations, the Indictment was filed one day too late with respect to Count Two.

### A.  Governing Statute of Limitations

The governing statute of limitations is found in 18 U.S.C. § 3282(a), which provides:

> **In general.**--Except as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed.

The purpose of the statute of limitations is "to protect individuals from having to defend themselves against charges when the basic facts may have become obscured by the passage of time and to minimize the danger of official punishment because of acts in the far-distant past."  Toussie v. United States, 397 U.S. 112, 114-15 (1970).  Criminal statutes of limitation are to be "liberally interpreted in favor of repose."  Id. at 115 (quoting United States v. Scharton, 285 U.S. 518, 522 (1932)).

The statute of limitations contained in 18 U.S.C. § 3282(a) begins to run when the crime is complete.  Toussie, 397 U.S. at 115.  A crime is complete when each element of the crime has occurred.  United States v. Smith, 740 F.2d 734, 737 (9th Cir. 1984).

### B.  18 U.S.C. § 876(c)

#### 1.  Timeliness

18 U.S.C. § 876(a) provides:

> Whoever *knowingly deposits in any post office or authorized depository for mail matter, to be sent or delivered by the Postal Service or knowingly causes to be delivered by the Postal Service according to the direction thereon*, any

> communication, with or without a name or designating mark subscribed thereto, addressed to any other person, and containing any demand or request for ransom or reward for the release of any kidnapped person, shall be fined under this title or imprisoned not more than twenty years, or both.

(Emphasis added.)

18 U.S.C. § 876(c) provides:

> Whoever *knowingly so deposits or causes to be delivered as aforesaid*, any communication with or without a name or designating mark subscribed thereto, addressed to any other person and containing any threat to kidnap any person or any threat to injure the person of the addressee or of another, shall be fined under this title or imprisoned not more than five years, or both. If such a communication is addressed to a United States judge, a Federal law enforcement officer, or an official who is covered by section 1114, the individual shall be fined under this title, imprisoned not more than 10 years, or both.

(Emphasis added.)

Count One of the Indictment alleges that Defendant violated 18 U.S.C. § 876(c) on or about December 29, 2005, when he "knowingly caused to be delivered by the Postal Service according to the directions thereon," a communication addressed to Judge Gonzalez, containing a threat to injure Judge Gonzalez by dispersing Anthrax.

The issue here is whether the statute of limitations began to run when Defendant performed the acts that eventually resulted in the delivery of the letter or when the letter was delivered to the intended address. The Court believes that it makes a difference that Defendant was charged with knowingly causing to be delivered, instead of depositing in the mail, the subject letter.

The Court could not locate any cases discussing the phrase "knowingly causes to be delivered" as used in 18 U.S.C. § 876. However, similar language is used in the mail fraud statute, 18 U.S.C. § 1341, which provides that the statute is violated if an individual "causes to be delivered by mail or such carrier according to the direction thereon" anything for the purpose of executing a scheme or artifice to defraud. Cases interpreting this language have held that the statute of limitations commences upon delivery to the address on the letter or package. See United States v. Crossley, 224 F.3d 847, 859 (6th Cir. 2000) (holding that mail fraud count was not barred because the defendant did not knowingly cause a check to be delivered until mail was actually delivered); United States v. Jones, 676 F. Supp. 2d 500,

510 (W.D. Tex. 2009) (holding that "knowingly cause to be delivered" ends with delivery and that mail fraud claim was timely because delivery occurred five years to the day the indictment was filed ).

It makes sense to interpret "knowingly causes to be delivered" as requiring more than just knowingly causing to be deposited, because 18 U.S.C. § 2(b) already covers such conduct. Section 2(b) provides, "Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal." Thus, under § 2(b) and § 876(c), it is already an offense to knowingly cause to be deposited in the mail a communication containing a threat to injure. If "knowingly causes to be delivered" meant nothing more than "knowingly causes to be deposited," it would be extraneous language. It is a "cardinal rule" of statutory interpretation that no provision should be construed to be entirely redundant. Spencer Enters., Inc. v. United States, 345 F.3d 683, 691 (9th Cir. 2003).

Accordingly, the Court interprets "knowingly causes to be delivered" as requiring delivery to the address designated on the communication.[1] Thus, the statute of limitations commenced when the letter to Judge Gonzalez was delivered to 880 Front Street, San Diego, California, 92101. It appears that delivery occurred on or after December 28, 2005, because the envelope was postmarked on December 27, 2005, in the City of Industry and/or Pasadena. Therefore, it appears that the Indictment was timely as to Count One.[2]

### 2. Adequacy of Indictment

Defendant has filed a motion to dismiss Count One on the ground that the Indictment

---

[1] Receipt by the addressee is not required. See United States v. Hinton, 222 F.3d 664, 670 (9th Cir. 2000) (holding that defendant caused to be delivered firearms and ammunition in violation of 18 U.S.C. §§ 1715 and 1716 where the package arrived at the mailbox address according to the direction on the package even though the package was not received by the addressee).

[2] In calculating limitations periods, the day from which a period commences is to be excluded. United States v. Tawab, 984 F.2d 1533, 1534 (9th Cir. 1993). Thus, the statute of limitations with respect to the 18 U.S.C. § 876(c) charge expired on or after December 28, 2010.

fails to allege that (1) a reasonable person would interpret Defendant's statements as a serious expression of an intention to inflict bodily harm; and (2) Defendant subjectively intended the statements to be understood as a threat. The Court is not persuaded by Defendant's argument.

The Ninth Circuit has held that there are two elements of the crime of mailing a threat to injure: (1) the defendant's letter contained a threat to injure; and (2) the defendant knowingly caused the threatening letter to be deposited in the mail (or delivered). United States v. De La Fuente, 353 F.3d 766, 770 (9th Cir. 2003). Defendant is correct that the Ninth Circuit has held that under § 876, the specific intent to threaten is required. United States v. Twine, 853 F.2d 676, 680 (9th Cir. 1988). However, subsequent to Twine, the Ninth Circuit explained that "[t]he only proof of specific intent required to support a conviction under 18 U.S.C. § 876 is that the defendant knowingly deposits a threatening letter in the mails . . . ." United States v. Davis, 876 F.2d 71, 73 (9th Cir. 1989).

The Indictment alleges:

> On or about December 29, 2005, within the Southern District of California, defendant ERIC ANTHONY LOPEZ knowingly caused to be delivered by the Postal Service according to the directions thereon, a communication, dated December 23, 2005, addressed to the Honorable Judge Irma E. Gonzales, a United States District Judge, containing a threat to injure Judge Irma E. Gonzales by dispersing Anthrax, a biological weapon; all in violation of Title 18, United States Code, Section 876(c).

The Indictment alleges that Defendant's communication contained a threat to injure and that Defendant knowingly caused the communication to be delivered. Therefore, the Indictment sets forth all of the necessary elements under § 876(c), and is adequate.

### C. 18 U.S.C. § 1038(a)(1)

18 U.S.C. § 1038(a)(1) provides:

> Whoever engages in any conduct with intent to convey false or misleading information under circumstances where such information may reasonably be believed and where such information indicates that an activity has taken, is taking, or will take place that would constitute a violation of chapter 2, 10, 11B, 39, 40, 44, 111, or 113B of this title, section 236 of the Atomic Energy Act of 1954 (42 U.S.C. 2284), or section 46502, the second sentence of section 46504, section 46505(b)(3) or (c), section 46506 if homicide or attempted homicide is involved, or section 60123(b) of title 49, shall--

     (A) be fined under this title or imprisoned not more than 5 years, or both;

     (B) if serious bodily injury results, be fined under this title or imprisoned not more than 20 years, or both; and

     (C) if death results, be fined under this title or imprisoned for any number of years up to life, or both.

  Based on the language of the statute, the Court finds that the statute of limitations commenced at the latest on December 27, 2005, when the letter was postmarked. The prohibited conduct was writing the letter threatening an anthrax attack and causing it to be deposited in the mail.

  The government argues that in <u>United States v. Castagana</u>, 604 F.3d 1160, 1164 (9th Cir. 2010), the Ninth Circuit "crafted a stronger test than is suggested by the plain language of section 1038(a)(1)." According to the government, the Ninth Circuit imposed a requirement that *successful conveyance* of the information is required for a violation of § 1038(a)(1).

  The Court has read <u>Castagana</u> and finds no support for the government's position. The government argues that the Ninth Circuit agreed with the district court's instruction to the jury that to convict, they had to find that Castagena "intentionally conveyed false or misleading information." Although the district court's jury instruction deviated from the statutory language (which prohibits conduct *with intent to convey* false or misleading information), the instruction did not necessarily require that the information be received. Convey means "to communicate" or "express in words." <u>Oxford English Dictionary</u> (2d ed. 1989). One can convey one's thoughts or intentions in a letter even though the letter never actually reaches the recipient.

  At any rate, the Ninth Circuit did not express agreement with the wording of the district court's instruction. The issue before the Ninth Circuit was whether the district court properly refused to give a jury instruction proposed by Castagena that would require a finding that the "defendant intended that a reasonable person could believe that the information indicated that an activity had taken, was taking, or would take place that if true would constitute a violation [of antiterrorism statutes]." <u>Castagena</u>, 604 F.3d at 1163. The issue of whether

receipt of the false information was a required element was not raised before the Ninth Circuit or examined by it.

United States v. Smith, 740 F.2d 734 (9th Cir. 1984), cited by Defendant, is more on point. In Smith, the Ninth Circuit held that the offense of causing the submission of false statements to the government in violation of 18 U.S.C. § 1001, was complete when the false statements were mailed to the FDA. The Ninth Circuit explained that the statute contained no requirement that the government actually receive or rely on the statement. Id. at 736.

Similarly, 18 U.S.C. § 1038(a)(1) does not contain any language regarding receipt of the false information or reliance on the information. The Court cannot read into the statute requirements that are not even suggested by the language.

The government argues that congressional intent supports its position that the offense is not complete until receipt of the threat. However, there is no need to look to congressional intent where the statute's plain meaning is clear. United States v. Ventura, 338 F.3d 1047, 1051 (9th Cir. 2003). Moreover, there is nothing in the legislative history that indicates that receipt of the information is a necessary element of the offense. Even assuming Congress's goal in passing the Anti-Hoax Terrorism Act of 2003 was to prevent the drain of federal resources that occurs when hoaxes are perpetrated, for purposes of deterrence, it would make sense to punish all individuals who attempt to perpetrate such hoaxes, whether the false information reaches the intended audience or not.[3]

The government also argues that 18 U.S.C. § 1038(c)(1) shows that the statute "only contemplates *received* threats." Subsection (c)(1) provides: "The court, in imposing a sentence on a defendant who has been convicted of an offense under subsection (a), shall order the defendant to reimburse any state or local government, or private not-for-profit organization that provides fire or rescue service incurring expenses incident to any emergency or investigative response to that conduct, for those expenses." The

---

[3] The Court notes that a "receipt" requirement would also raise the question of who must receive the information. Must it be the intended victim? In this case, Judge Gonzalez's administrative law clerk opened the letter. Would the "receipt" requirement be satisfied if a U.S. Marshal first opened the letter? What if a prison official, suspecting something was inside the envelope, opened the outgoing letter?

government's argument is not compelling. Just because the statute provides for instances where resources are actually spent responding to a hoax does not mean that the statute is not violated when the threat does not reach its intended victim or there is no response in reliance on the threat.

In sum, Defendant "engage[d] in . . . conduct with intent to convey false or misleading information" when he allegedly wrote the letter and caused it be placed in the mail. The crime was completed on, at the latest, December 27, 2005. Therefore the statute of limitations for this offense expired on December 27, 2010, and the Indictment was untimely.

### III. CONCLUSION

For the reasons discussed above, Defendant's motion to dismiss the Indictment for violation of the statute of limitations is **DENIED** as to Count One and is **GRANTED** as to Count Two. Defendant's motion to dismiss Count One for failure to allege an offense is **DENIED**. Count Two of the Indictment is **DISMISSED WITH PREJUDICE**.
**IT IS SO ORDERED.**

DATED: January 19, 2012

_____
Honorable Barry Ted Moskowitz
United States District Judge